In the Matter of a Member of the Bar of the Supreme Court of Delaware John M. STULL, Respondent.

No. 330, 2011.

Supreme Court of Delaware.

Submitted: July 20, 2011.
Decided: July 25, 2011.

Before STEELE, Chief Justice, BERGER and RIDGELY, Justices.

### ORDER

AND NOW, this 25th day of July, 2011, upon receipt of sufficient evidence demonstrating that John M. Stull, Esquire, a lawyer subject to the disciplinary jurisdiction of this Court, has engaged in conduct which demonstrates he poses a significant threat of substantial harm to the public or to the orderly administration of justice, it appears to the Court as follows:

(1) Mr. Stull is a solo practitioner with an office located at 3 Mill Road, Suite 306A, Wilmington, Delaware 19806. Mr. Stull continues to hold himself out to the public as a Delaware lawyer.

(2) By Order dated December 4, 2009, this Court approved the recommendation of the Board on Professional Responsibility and ordered Mr. Stull publicly reprimanded and placed on a two-year term of probation with conditions. Those conditions included, among other requirements, that Mr. Stull (a) timely file Certificates of Compliance with pre-certifications, (b) fulfill a specific continuing legal education requirement by a date certain, and (c) cooperate with the Office of Disciplinary Counsel ("ODC") regarding meeting the terms of the probation.

(3) Mr. Stull failed to satisfy the conditions of his probation, even with extensions of time, and failed to cooperate with and respond to inquiries made by the ODC.

(4) On July 1, 2011, the ODC filed a Motion for Issuance of a Rule to Show Cause (the "Motion") as to why Mr. Stull is not in violation of the Court's December 4, 2009 Order of public reprimand and probation. The ODC further requested the Court order an examination of Mr. Stull by a qualified medical expert pursuant to Rule 19(c) of the Delaware Lawyers' Rules of Disciplinary Procedure (the "Procedural Rules") as a result of the ODC's concerns about his continued competence to practice law. The ODC served Mr. Stull with a copy of the Motion by e-filing, and by first class mail to both his home address and the address of his law office that is on file with the Court.

(5) On July 1, 2011, the Court issued a Rule to Show Cause to Mr. Stull. The Court directed Mr. Stull to file a response no later than July 14, 2011, and scheduled a hearing for July 20, 2011. The Court served Mr. Stull by e-filing, and by mail

and process server at both his home address and office address. The return of service from Brandywine Process Servers, Ltd. reflects that the process server personally served Mr. Stull on July 5, 2011 at his home, and on that same date served a copy at his office on the person that appeared in charge at that address.

(6) Mr. Stull neither responded to the Rule to Show Cause nor appeared at the hearing.

NOW, THEREFORE, IT IS ORDERED AS FOLLOWS:

(1) John M. Stull, Esquire is immediately suspended from the practice of law in this State pending the disposition of disciplinary matters pursuant to the Procedural Rules.

(2) During the period of interim suspension, Mr. Stull shall not: (a) share in any legal fees arising from clients or cases referred by him during the period of suspension to any other lawyer, or (b) share in any legal fees earned for services by others during such period of suspension. Mr. Stull also shall be prohibited from having any contact with clients or prospective clients or witnesses or prospective witnesses when acting as a paralegal, legal assistant, or law clerk under the supervision of a member of the Delaware Bar.

(3) The ODC shall file a petition in the Court of Chancery of Delaware for the appointment of a Receiver of Mr. Stull's law practice pursuant to Procedural Rule 24, and the Receiver shall provide notice to clients, adverse parties, and others in accordance with Procedural Rule 23.

(4) The Receiver shall make such arrangements as may be necessary to protect the interests of any of Mr. Stull's clients and the public.

(5) Mr. Stull shall cooperate in all respects with the Receiver, including providing the Receiver with all law office books and records.

(6) Mr. Stull engaged in conduct which demonstrates he poses a significant threat of substantial harm to the public or to the orderly administration of justice. Accordingly, the ODC shall make this Order public.